**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-6270**

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

    v.

RAYMOND A. HIBBERT, a/k/a Diamonds, a/k/a Steven Fallon, a/k/a Marcus A. Wheeler, a/k/a Andre Ray Davis,

       Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Elizabeth W. Hanes, District Judge. (2:13-cr-00124-EWH-DEM-1)

---

Submitted: October 4, 2023                Decided: December 28, 2023

---

Before WILKINSON and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

Raymond A. Hibbert, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Hibbert appeals the district court's order dismissing his 18 U.S.C. § 3582(c)(1)(A) motions for compassionate release and a reduction in his sentence as moot due to his release to home confinement by the Bureau of Prisons. We vacate the district court's order and remand for further proceedings.

"If a change in the law or facts makes it impossible for a court to grant effective relief to a prevailing party, the case is moot and must be dismissed." *Johnson v. Charlotte-Mecklenburg Schs. Bd. of Educ.*, 20 F.4th 835, 842-43 (4th Cir. 2021) (internal quotation marks omitted). "A claim may be mooted when the claimant receives the relief he or she sought to obtain through the claim." *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (internal quotation marks omitted). However, "[a] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 295 (2023) (internal quotation marks omitted).

Pursuant to Section 3582(c)(1)(A), the district court has discretion to reduce Hibbert's sentence—even to time served—and to order Hibbert's immediate release. In his motions, Hibbert requested "immediate release" and a sentence reduction to time served. Because it is possible for the district court to grant Hibbert effectual relief under 18 U.S.C. § 3582(c)(1)(A)(i) by reducing his prison sentence or releasing him from the

2

custody of the Bureau of Prisons, his motions for a sentence reduction and compassionate release were not rendered moot by his release to home confinement.[*]

Accordingly, we vacate the district court's order and remand for further proceedings. We express no opinion on the merits of Hibbert's motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] "An inmate in home confinement remains in the custody of the Bureau" of Prisons. *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). The Bureau of Prisons' website confirms that Hibbert is still in custody; his projected release date is July 21, 2027.